UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| AF HOLDINGS LLC, | CASE NO. 12-cv-1446 |
| Plaintiff, | |
| v. | |
| | Judge: Hon. Joan N. Ericksen |
| JOHN DOE, | Magistrate Judge: Hon. Franklin L. Noel |
| Defendant. | |

**NOTICE TO THE COURT**

Plaintiff hereby notifies the Court that it has elected to litigate this reopened matter. At the recently held case management conference, the Magistrate Judge indicated that Plaintiff faced the trade-off between returning the modest settlement monies obtained or litigating the issues raised in the Magistrate Judge's June 20, 2013 order. (ECF No. 12.) While litigation is expensive and burdensome, the facts and the law are squarely on Plaintiff's side. At all times, both Plaintiff and its counsel have acted in good faith.

Plaintiff will wait for the appropriate juncture to present the facts it has discovered, but the evidence will show that: (1) Mr. Cooper's repudiation lacks any credibility whatsoever; (2) Mr. Godfread (and whoever worked with him behind the scenes) is facing serious consequences for his actions[1]; and (3) the Cooper matter, at its core, is a personal dispute between non-party Cooper and non-party John Steele.

---

[1]There should be no mistake about why Godfread was so eager to attend the case management conferences held on August 5, 2013, and August 6, 2013. He was there to

1

As a preview, Plaintiff is prepared to present evidence that Mr. Steele and Mr. Cooper were very close friends until Mr. Cooper's diagnosed mental illness alienated everyone around him. Shortly before his "repudiation", Cooper chainsawed Steele's guest cabin, chased Steele's realtor with a loaded gun, stole guns and equipment from Steele and attempted to extort money from Steele. Cooper's repudiation came shortly on the heels of a text message he received from a known associate of Godfread's. The text message contained Godfread's contact information and threatened Cooper with liability unless he contacted Godfread—a total stranger to Cooper at the time.

Further, Plaintiff is prepared to present evidence that Mr. Cooper participated in an adult-related venture with Mr. Steele prior to his efforts on Plaintiff's behalf, that Mr. Cooper regularly bragged about his "porn companies", and that he argued about the same with his ex-wife, who strongly disliked Steele.

---

protect his own interests—not Cooper's. Godfread's letter to the Court made clear why he is here: *See* August 1, 2013, Letter From Paul A. Godfread, "[T]hey should be precluded from addressing the [Alan Cooper] issue in this Court, while simultaneously refusing to testify in another." Godfread hopes to shut down an inquiry into his misdeeds, which have already exposed his client to significant liability.

Indeed, on August 14, 2013, the U.S. District Court for the Northern District of Illinois denied Godfread and Cooper's motion to dismiss a complaint filed by Paul Duffy and granted Duffy's motion to dismiss Godfread and Cooper's counterclaims. *See* Mem. Op. and Order, *Paul Duffy v. Paul Godfread, Alan Cooper and John Does 1-10*, No. 1:13-cv-1569 (N.D. Ill. August 14, 2013) ECF No. 28. Among other things, the district court noted that Cooper's complaint, "appeared on websites before the Minnesota complaint was filed." *Id.* at 4. This, of course, was Godfread's handiwork. The district court also described Godfread's counterclaims as, "poorly drafted." *Id.* at 9. Godfread's actions to publicize Cooper's complaint (and thus his own practice) waived Cooper's litigation privilege to defamation, placing his client in significant peril.

Finally, Plaintiff is prepared to present testimony from a witness who was unsuccessfully targeted by Godfread and his cohorts shortly after Cooper was. Specifically, the witness will testify that he was approached out-of-the-blue by one of Godfread's known-cohorts, threatened with extreme liability and repeatedly encouraged to contact a pre-selected member of the copyright infringement defense bar. All of this occurred while Godfread and his cohorts knew that the witness was represented by counsel in a pending matter.

However, Plaintiff has reached the outer-limits of what it can learn without the coercive power of formal discovery. As such, Plaintiff respectfully requests the Court to issue an order scheduling a Rule 26(f) conference so it resolve this matter as quickly as possible.

Respectfully submitted,

DATED: August 16, 2013

/s/ Paul R. Hansmeier
Paul R. Hansmeier (MN Bar # 387795)
CLASS JUSTICE PLLC
100 South Fifth Street, Suite 1900
Minneapolis, MN 55402
E-mail: mail@classjustice.org
Phone: (612) 234-5744